IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL W. CULLEN,

Plaintiff,

v. 1:25-cv-00267-JB-JMR

TUCUMCARI POLICE DEPARTMENT,
JUSTIN GARCIA, PATRICIA LOPEZ,
QUAY COUNTY, CODY YOUNG,
ALLRIGHT TOWING, and
CITY OF TUCUMCARI,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on *pro se* Plaintiff Michael Cullen's motion for summary judgment. Doc. 30. The filing is titled "Traverse to Defendant's Answer," "Filing of Plaintiff's Exhibit #1," and "Motion for Summary Judgment." Defendants the City of Tucumcari and Cody Young filed respective responses. Doc. 41, 46. Senior District Judge James O. Browning referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 42. To the extent the Court interprets Plaintiff's filing (Doc. 30) as a motion for summary judgment, I recommend the Court DENY Plaintiff's request.

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if under the substantive law it could affect the outcome of a lawsuit, and an issue is "genuine" if a rational juror could find in favor of the nonmoving party on the evidence presented. *Adams v. Am. Guarantee & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir.

2000) (citations and quotations omitted). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on the issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Libertarian Party of NM v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). Even when the opposing party fails to respond, the movant must show that they are entitled to summary judgment. *Murray v. City of Tahlequah, Okl.*, 312 F.3d 1196, 1999–1200 (10th Cir. 2002) (citing FED. R. CIV. P. 56(c)).

Finally, "[a] *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "it is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

On page 3 of Plaintiff's filing, he titles a section "Motion for Summary Judgment." Doc. 30 at 3–4. The filing is brief. Plaintiff writes, in total:

> Pursuant to Rule 56 Plaintiff moves for Summary Judgment against the defendants.
>
> 1. Exhibit One (video evidence) proves the allegations of the complaint.
> 2. Defendants answer raises no issues of material fact, offering only conclusory denials and no evidence.
> 3. Because no material facts remain in dispute, judgment as a matter of law is appropriate.
>
> Wherefore, the Plaintiff respectfully requests that this Court grant summary judgment in his favor and award other such relief as is just.

*Id.* (footnote omitted).

Plaintiff's filing is insufficient for two reasons.

First, Plaintiff fails to comply with the procedural requirements for filing a motion for summary judgment. Plaintiff failed to include a numbered statement of material facts as required by Local Rule 56.1(b). *See* D.N.M.LR-Civ. 56.1(b) ("The moving party must file with the motion a written memorandum containing a short, concise statement of the reasons in support of the motion with a list of authorities relied upon."). Plaintiff also fails to identify "each claim . . . on which summary judgment is sought." *See* FED. R. CIV. P. 56(a). Plaintiff does not explain which claims or through which legal theories he is pursuing summary judgment. Therefore, this Court is unable to grant summary judgment. *See Moore v. U.S. Bureau of Prisons*, 25 F.3d 1057 (10th Cir. 1994) ("Noncompliance with the provisions of Rule 56 deprives the court of authority to grant summary judgment.").

Second, Plaintiff fails to meet his initial legal burden. *See Libertarian Party of NM*, 506 F.3d at 1309. His two-page motion contains only conclusions, no argument. Plaintiff misunderstands the legal requirements for summary judgment stating that "[b]ecause no material facts remain in dispute, judgment as a matter of law is appropriate." Doc. 30 at 3. Instead, Plaintiff must show both that "there is no genuine dispute as to any material fact" *and* that he is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In other words, Plaintiff must identify the legal basis for why he is entitled to summary judgment, which he has not done. Plaintiff failed to make any legal arguments or outline the claims for which he seeks summary judgment. As such, Plaintiff failed to meet his burden to show that he entitled to summary judgment as a matter of law. *See* FED. R. CIV. P. 56(a).

For these reasons, I recommend the Court deny Plaintiff's motion for summary judgment (Doc. 30).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id*. In other words, if no objections are filed, no appellate review will be allowed.**

Jennifer M. Rozzoni

JENNIFER M. ROZZONI
United States Magistrate Judge